# Long's Estate.

*Will—Devise for park—Creation of park commission—Gift of residuary estate—Investment.*

Testatrix devised a plantation to a city for the purposes of a park. She then designated in her will certain of the officials of the city, and her executors and their successors as a commission to whom she submitted "for their formulation, all the details of the improvement and management of said plantation, as well as the proper investment of such funds as they may receive out of my residuary estate (as hereinafter provided) to make this public park what I desire it shall be, a delightful place of resort for the people of this city, who so much need an opportunity to enjoy, with beautiful surroundings the invigorating influence of country air." She bequeathed one half of her residuary estate to the city "in trust, to be securely invested, and the interest and income therefrom arising to be appropriated and used under the control of the commission for the improvement and beautifying of the public park as hereinbefore directed." *Held,* that the commission and not the city was entitled to hold and invest the one half of the residuary estate bequeated for park purposes.

Argued May 22, 1902. Reargued Oct. 13, 1902. Appeal, No. 169, Jan. T., 1902, by Long Park Commission, from decree of O. C. Lancaster Co., sustaining exceptions to auditor's report in estate of Catharine H. Long, deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Mestrezat and Potter, JJ., on reargument. Reversed.

Exceptions to report of John A. Nauman and John E. Malone, Esqs., auditors. Before Smith, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to the report of the auditors and directing one half of the residuary estate to be paid to the city of Lancaster.

*W. U. Hensel,* for the board of directors of city trusts of Lancaster, cited: Cameron v. Hinnerdeer, 18 Lanc. Law Review, 265 ; Long's Estate, 18 Lanc. Law Review, 269.

*J. W. Brown,* for the Long Park Commission.

*C. E. Montgomery,* with him *E. M. Gilbert,* city solicitor, for the city of Lancaster.

OPINION BY MR. JUSTICE POTTER, November 3, 1902:

The last will of Catharine H. Long, of Lancaster, Pennsylvania, contains the following: " Item. I give and devise unto 'the city of Lancaster' all that plantation known as the Bomberger farm, situated in Manheim township, Lancaster county, on the Harrisburg turnpike, and containing about seventy acres, to have and to hold the same forever, for the purpose of a public park, to be called 'Long's Park.' I. direct that the mayor of the city of Lancaster, the president of select council, the president of common council, and my hereinafter named executors and their successors, shall constitute a commission, to be called 'The Long Park Commission,' to whom I submit, for their formulation, all the details of the improvement and management of said plantation, as well as the proper investment of such funds as they may receive out of my residuary estate (as hereinafter provided) to make this public park what I desire it shall be, a delightful place of resort for the people of this city, who so much need an opportunity to enjoy, with beautiful surroundings, the invigorating influence of country air."

Turning to the residuary clause of the will, we find that after bequeathing one half of the remainder of her estate to the trustees of the "Henry G. Long Asylum," she bequeathed " the remaining one half to the city of Lancaster, in trust, to be securely invested, and the interest and income therefrom arising to be appropriated and used, under the control of the ' Long Park Commission ' for the improvement and beautifying of the public park as hereinbefore directed."

It was clearly the intention of the testatrix to give to the city of Lancaster a public park, and to provide for its improvement and maintenance as a delightful place of resort for the people.

To carry out this purpose she constituted a commission composed of the mayor of the city, the presidents of both branches of council, and her executors.

The commission thus created by the testatrix was charged with the duty, (1) of formulating all the details for the improvement and management of said plantation ; (2) with " the proper investment of such funds as they may receive out of my residuary estate ; " and (3) with appropriating and using the income of the fund, for the improvement and beautifying of the park.

This made a complete scheme, consistent with the desire which was in the mind of the testatrix, to give to the people of Lancaster a park, and to secure its care and maintenance through a commission of her own appointment. Certainly not the least important of the duties which she imposed upon the commission, was the proper investment of the fund, from which the income to maintain the park was to arise.

It is argued that under the residuary clause the commission was only to receive the income, and not the corpus of the fund, and that this direction to the commission meant only, that they should expend the income from the fund, in beautifying the park. But in so doing they would be only performing a duty clearly imposed upon them by the testatrix, in addition to the duty of investment. To them was expressly committed the " proper investment of such funds as they may receive " out of the residuary estate. The income could not be invested, it was to be expended by the commissioners in maintaining the park. If they were to see to the proper investment of any fund, it must have been the corpus of the fund provided by the residuary estate, which was, in the language of the latter clause of the will, to be securely invested: and out of which was to arise the interest and income, which was to be appropriated and used by the commission in the improvement and beautifying of the public park.

In so far as this portion of her will is concerned, we consider that the general intent of the testatrix is shown in the appointment of a commission, and in charging them with the duty of investment. If it be necessary therefore to give effect to this general intent, we would follow the general rule of construction and disregard the particular intent, which is inconsistent therewith, which appears in the residuary clause in the words " and the remaining one half to the city of Lancaster." Just what was meant by this clause is not clear. If it be taken merely as a repetition of the fact, that the city of Lancaster is the object of her beneficence in this regard, then it is not inconsistent with her previously expressed intention of charging the commission with the duty of investment. But if it be read as making the municipal corporation itself, the custodian of the fund, then it is not in accord with her general intent, which clearly appears, to provide a commission to formulate plans for

the improvement of the park, and to see to the proper investment of the fund provided for its maintenance. The qualifying words following "to be securely invested" may, and to carry out the clearly expressed general intent of the testatrix, ought, to be read as if immediately followed by "under the control of the Long Park Commission." So read, the apparent inconsistency disappears, and the manifest intention of the testatrix will be carried out. To the city of Lancaster, that is to the people of that city, she gave one half of her residuary estate, by giving them the use and enjoyment of the interest and income thereof as appropriated and used under the control of the Long Park Commission in improving and managing Long's Park," the principal to be securely invested by the commission.

We are convinced that one of the main purposes for which the testatrix created the commission was to secure by that means a properly qualified body to see to the proper investment of the fund, out of which was to arise the income necessary to maintain and care for the public park which she provided for the people of Lancaster. This purpose must be upheld.

The decree of the orphans' court is therefore reversed, and it is ordered that the remaining one half of the residuary fund be awarded to the Long Park Commission.